UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAYLA ELLIS,

       Plaintiff,

v.

DOLLAR TREE STORES, INC.,

       Defendant.

_____/

CASE NO. _____

## **NOTICE OF REMOVAL**

Petitioner/Defendant, DOLLAR TREE STORES, INC. ("Dollar Tree"), by and through their undersigned counsel, and pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446(b), hereby files this Notice of Removal to the United States District Court, Middle District of Florida, Orlando Division, for the cause of action presently pending in the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, Case No.: 05-2021-CA-010655 and styed: Kayla Ellis v. Dollar Tree Stores, Inc.  As grounds in support of this Notice of Removal, the following is stated:

1.    This case is properly removable due to diversity of citizenship between Plaintiff and Defendant.

2.    Venue is properly in the Orlando Division of the Middle District of Florida.  Pursuant to M.D.L.R. 1.02(b)(3), and this case has been filed in state

court in Brevard County.  Therefore, the Orlando Division is the proper Court for removal of this case.

3.      The Respondent/Plaintiff, KAYLA ELLIS ("Plaintiff"), at all times material hereto, including at the time of filing her Complaint in Brevard County, Florida, as well as at the time of this Removal, was a citizen and resident of the State of Florida.

4.      Dollar Tree, at all times material hereto, at the time of filing the Complaint, and at the time of this Removal, was and is a foreign corporation organized under the laws of the State of Virginia.  To determine the citizenship of a corporation for purposes of ascertaining diversity jurisdiction, the Court looks to: (1) the state of incorporation; and (2) the state where the corporation has its principal place of business.  28 U.S.C. § 1332(c)(1).  Although a company may conduct business in multiple places, the Supreme Court has determined that the "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 91-94 (2010) (establishing the "nerve center" test as uniform approach for determining corporate citizenship). A copy of Dollar Tree's corporate filing with the State of Florida, showing the principal place of business, is attached hereto as Exhibit "A."

5.      This Notice of Removal is founded and based upon complete diversity of citizenship jurisdiction between all parties pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441, *et seq.*  There is complete diversity of citizenship

between Plaintiff and Dollar Tree. Plaintiff and Dollar Tree are not residents or citizens of the same state.

6. Dollar Tree has filed with the Clerk of the Circuit Court for the Eighteenth Judicial Circuit, in and for Brevard County, Florida, a true and correct copy of the Notice to State Court Clerk of Removal of Case to Federal Court pursuant to 28 U.S.C.A. § 1446(d). A copy of the Notice to State Court Clerk of Removal of Case to Federal Court is attached hereto as Exhibit "B."

7. Dollar Tree was served, through its Registered Agent, on January 11, 2021. A copy of the Affidavit of Service is attached hereto as Exhibit "C."

8. A copy of the original Complaint filed by Plaintiff in the state court action is attached hereto as Exhibit "D."

9. As of the date of this Notice of Removal, Dollar Tree has not filed a response to the Plaintiff's Complaint and has not waived its right to removal.

10. This Notice of Removal is being timely filed within thirty (30) days from January 11, 2021, the date upon which the Summons was served upon Dollar Tree's Registered Agent.

11. There are no other Defendants to this action who have been sued other than Dollar Tree. Accordingly, there are no other Defendants upon which any consent to this Removal to the United States District Court needs to be obtained. Additionally, Dollar Tree is the first and only Defendant who has been sued and served in this matter, and therefore is the only Petitioner/Defendant who is seeking Removal to the Middle District of Florida, Orlando Division.

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 - (321) 972-0000 (321) 972-0099 FAX

12.    Dollar Tree has met its burden of proof by establishing by a preponderance of the evidence, as set forth below, that Plaintiff's claim for damages exceeds $75,000, exclusive of costs and interest, the amount in controversy limits of this Court.  Although Plaintiff has not specifically alleged she seeks damages in excess of $75,000, exclusive of costs and interests, from the Complaint she filed in state court, it is clear the facial allegations set forth in the Complaint confirm that Plaintiff is seeking damages against Dollar Tree which exceed the minimum limitations of subject matter jurisdiction in this Court.  If this averment by Dollar Tree is not accurate, then Plaintiff should be required to stipulate on the record that she is seeking no more than $75,000 in damages, exclusive of costs and interest, from Dollar Tree.

13.    "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).  "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.*

14.    Plaintiff alleges in her Complaint, attached hereto as Exhibit "D," that:

> Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the

- 4 -
**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 - (321) 972-0000 (321) 972-0099 FAX

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

[Ex. D; ¶ 13].

15.     The Plaintiff also presented Dollar Tree with a pre-suit demand letter on October 2, 2020, a copy of which is attached hereto as Exhibit "E."

16.     The Plaintiff asserts she sustained very serious, life-altering permanent injuries as a result of the subject slip and fall while within Dollar Tree's store.  [Ex. E].

17.     The Plaintiff also asserts she "continues to suffer a great deal and the problems and pain are still present," and indicated she is expecting future medical treatment, including medial branch block injections [Ex. E].

18.     While the Plaintiff failed to present a demand amount or calculate her total medical bills, the documentation provided by Plaintiff in suppport of her demand letter establishes she was claiming at least $36,585 for past medical expenses as of October 2, 2020.

19.     Plaintiff's allegations in her demand letter and Complaint also make clear she is seeking damages for future medical care spanning the remainder of her life.  The Plaintiff is a thirty year old female and even a conservative view of alleged future medical needs for the remainder of Plaintiff's life would exceed the jurisdictional threshold for this Court.

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 -  (321) 972-0000 (321) 972-0099 FAX

20.    Although courts have determined pre-suit demands can be seen as puffing or posturing, it has also been held that courts should give preference to the Plaintiff's own assessment of the value of their case.  *Black v. State Farm Mut. Auto. Ins. Co.*, No. 10-80996-CIV, 2010 WL 4340281, *2 (S.D. Fla. Oct. 22, 2010) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994); *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 10-80783-CIV, at DE 7 (S.D. Fla. May 27, 2010).

21.    Plaintiff's demand letter is instructive as to the Plaintiff's claim for alleged damages.  The Plaintiff's demand letter is referenced solely for purposes of the Court viewing extrinsic evidence in its determination that the subject matter jurisdiction of this claim meets the minimum amount in controversy.

22.    It is clear based upon the allegations set forth in the Complaint, in its entirety, both in terms of economic and non-economic damages, as well as the exhibits attached to this Notice of Removal, Plaintiff's claims fully support a conclusion she is seeking damages to be awarded in excess of the jurisdictional limits of this Court.  Therefore, subject matter jurisdiction, even if Plaintiff did not specifically allege $75,000 in the original Complaint, is clearly vested in this Court.

23.    The allegations set forth in this Notice of Removal are true and correct to the best of the knowledge and belief of the undersigned attorney.

24.    The undersigned counsel is Attorney of Record for Dollar Tree, and has been specifically authorized to act on behalf of Dollar Tree in seeking

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 -  (321) 972-0000 (321) 972-0099 FAX

Removal of this cause of the United States District Court, Middle District of Florida, Orlando Division.  Further, the undersigned Counsel of Record is a fully licensed attorney in the State of Florida, and is authorized to practice in the United States District Court, Middle District of Florida.

**WHEREFORE**, the Defendant, DOLLAR TREE STORES, INC., hereby gives Notice of Removal and petitions this Court for the entry of an Order removing this cause from the Circuit Court for the Seventh Judicial Circuit, in and for Volusia County Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

Respectfully submitted on this 1st day of February, 2021.

*/s/ Michael J. Merrill*_____
MICHAEL J. MERRILL
Trial Counsel
FBN: 84488
CHAD W. DUNHAM
FBN: 119136
Attorneys for Defendant
1900 Summit Tower Blvd.
Suite 400
Orlando, FL 32810
Telephone: (321) 972-0022
Facsimile: (321) 972-0099
Primary Email:
michael.merrill@csklegal.com
Secondary Email:
chad.dunham@csklegal.com
tara.wilson@csklegal.com

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 -  (321) 972-0000 (321) 972-0099 FAX

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of Court using CM/ECF on February 1, 2021, and by serving via electronic mail (email) to: Alicia Smith, Esq., Morgan & Morgan, P.A., aliciasmith@forthepeople.com;nmazurick@forthepeople.com, 20 N. Orange Avenue, Suite 1600, Orlando, FL 32801, (407) 420-1414/(407) 204-2193 (F), Attorney for Plaintiff, Kayla Ellis.

*/s/ Michael J. Merrill*
MICHAEL J. MERRILL
Trial Counsel
FBN: 84488
CHAD W. DUNHAM
FBN: 119136
Attorneys for Defendant
1900 Summit Tower Blvd.
Suite 400
Orlando, FL 32810
Telephone: (321) 972-0022
Facsimile: (321) 972-0099
Primary Email:
michael.merrill@csklegal.com
Secondary Email:
chad.dunham@csklegal.com
tara.wilson@csklegal.com

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 - (321) 972-0000 (321) 972-0099 FAX