IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN AND
FOR BREVARD COUNTY, FLORIDA

CASE NO:

KAYLA ELLIS,

    Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

    Defendant.
_____/

**COMPLAINT**

COMES NOW Plaintiff, KAYLA ELLIS, and sues Defendant, **DOLLAR TREE STORES, INC.**, and alleges:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff is a natural person residing in Brevard County, Florida.

3. At all times material to this action, **DOLLAR TREE STORES, INC.** is a foreign profit corporation licensed to and doing business in the State of Florida.

4. At all times material hereto, Defendant was the owner and operated a business located at 7165 NORTH US 1 COCOA, FLORIDA 32927, said business being that of a retail store, open to the general public, including the Plaintiff herein.

5. At all times material to this cause of action, Defendant had possession and control of the store located at 7165 NORTH US 1 COCOA, FLORIDA 32927, where the incident described in this Complaint occurred and was responsible for maintenance and upkeep of said premises.

6. At all times material to this cause of action, Defendant had a non-delegable duty to maintain the subject property in a reasonable safe condition.

7. On or about OCTOBER 22, 2018, Plaintiff was a business invitee at Defendant's premises located at the above address when she slipped and fell on a transitory foreign substance, causing her to sustain injuries as set forth.

8. At said time and place, Plaintiff was a guest at the store, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for her safety.

9. At the time Plaintiff was at the store located at 7165 NORTH US 1 COCOA, FLORIDA 32927, a dangerous condition existed on said premises. This dangerous condition consisted of a transitory foreign substance on the floor.

10. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the premises/floor, thus creating a slip hazard to members of the public utilizing said premises/floor, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately inspect the premises/floor as specified above, to ascertain whether the transitory foreign substance constituted a slip hazard to patrons utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the transitory foreign substance, when Defendant knew or through the exercise of reasonable care should have known that the premises/floor was unreasonably dangerous and that Plaintiff was unaware of same;

d) Negligently failing to correct and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the transitory foreign substance on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting/maintaining the premises/floor for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

j) Negligently engaging in a routine or regular practice of business that was not the reasonable custom of the community; and

k) Negligently failing to render aid to Plaintiff after her fall and/or negligently rendering aid to Plaintiff after her fall.

11. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a transitory foreign substance, sustaining injuries as set forth.

12. The specific manner in which Plaintiff was injured was foreseeable to Defendant and Defendant knew or should have known of the specific risks of harm to Plaintiff as a result of Defendant's negligence.

13. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, KAYLA ELLIS, sues the Defendant, **DOLLAR TREE STORES, INC.**, for damages and demands judgment in excess of Thirty Thousand and One Dollars ($30,001.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 6th day of January, 2021

*/s/ Alicia M. Smith*
ALICIA M. SMITH, ESQUIRE
FBN: 0117607
Morgan & Morgan, P.A.
20 N. Orange Avenue
Suite 1600
Orlando, FL 32801
Telephone Phone: (407) 420-1414
Facsimile: (407) 204-2193
Primary email: aliciasmith@forthepeople.com
Secondary email: nmazurick@forthepeople.com
Attorneys for Plaintiff