UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAYLA ELLIS,   CASE NO.: 6:21-cv-00218-PGB-EJK

    Plaintiff,

                                          **DISPOSITIVE MOTION**

v.

FAMILY DOLLAR STORES OF
FLORIDA, LLC,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, FAMILY DOLLAR STORES OF FLORIDA, LLC, ("Defendant"), by and through their undersigned counsel, and pursuant to Rule 56, Federal Rules of Civil Procedure, hereby moves this Honorable Court for entry of an Order of Final Summary Judgment in favor of the Defendant as there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In support of the foregoing, the Defendant states as follows:

### STATEMENT OF THE CASE

This case arises from a slip and fall occurring on October 22, 2018. Plaintiff filed an Amended Complaint against Defendant on June 22, 2022. [Doc. 56]. As a result of the fall, the Plaintiff alleges she sustained injuries. [Doc. 56].

CASE NO.: 6:21-cv-00218-PGB-EJK

## UNCONTESTED FACTS

1. On October 22, 2018, the Plaintiff and her daughter were customers of a store, located at 7165 N. US Highway 1, Cocoa, Brevard County, Florida ("Family Dollar Store"). [Doc. 56].

2. At the time the Plaintiff entered the Family Dollar Store, there were approximately 100 customers. [Doc. 36, pg. 47, lines 4-11].

3. The Plaintiff had shopped at the Family Dollar Store once every two to three months. [Doc. 36, pg. 48, lines 7-21].

4. As the Plaintiff entered the Family Dollar Store, the Plaintiff's daughter was walking on the left side of the Plaintiff. [Doc. 36, pg. 63, lines 7-10].

5. As the Plaintiff entered the Family Dollar Store, she and her daughter turned to their right and walked along the front wall. [Doc. 36, pg. 50, line 8 – pg. 51, line 12].

6. The Plaintiff and her daughter walked ten feet after turning to their right and the Plaintiff slipped and fell in a clear liquid substance. [Doc. 36, pg. 51, lines 15-23].

7. The Plaintiff's daughter did not slip or fall. [Doc. 36, pg. 63, lines 11-12].

8. The Plaintiff did not see the clear liquid substance until approximately five minutes after her slip and fall. [Doc. 36, pg. 52, lines 11-13].

9. The Plaintiff believes the clear liquid substance was from a bottle of laundry detergent tucked behind a cardboard box. [Doc. 36, pg. 54, lines 4-10].

10. The Plaintiff described the Family Dollar Store, including the floor, as dirty. [Doc. 36, pg. 55, lines 10-17].

11. The Plaintiff is not sure whether there were any dirty footprints in the clear liquid substance. [Doc. 36, pg. 56, lines 10-13].

12. The Plaintiff is not aware of any customers slipping or falling in the Family Dollar Store prior to her fall. [Doc. 36, pg. 63, line 17 – pg. 64, line 3].

13. No other customers slipped or fell at the Family Dollar Store on October 22, 2018. [Doc. 38, pg. 39, line 23 – pg. 40, line 2]; [Doc. 37, Pg. 21, lines 9-12].

14. No customers slipped or fell at the Family Dollar Store in the three years prior to October 22, 2018. [Doc. 38, pg. 39, line 23 – pg. 40, line 2]; [Doc. 37, Pg. 21, lines 9-12].

15. The Plaintiff is not aware of whether any employees of the Family Dollar Store were aware of the clear liquid substance prior to her fall. [Doc. 36, pg. 66, line 17 – pg. 67, line 12].

16. The employee working at the Family Dollar Store at the time did not see the clear liquid substance before the Plaintiff's slip and fall. [Doc. 37, pg. 43, lines 6-18].

17. The Plaintiff is not aware of how long the clear liquid substance was on the ground. [Doc. 36, pg. 69, lines 21-24].

## MEMORANDUM OF LAW

### a. Legal Standard

Summary judgment is appropriate when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). As stated by the Supreme Court in *Anderson*: "… there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. (Citations omitted.) If the evidence is merely colorable … or is not significantly probative … summary judgment may be granted." *Id*. at 249-50.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Rather, to defeat summary judgment, there must be actual controversy. *Id*. The adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. Conclusory allegations and unsubstantiated assertions will not defeat summary judgment. *See Bennett v. Parker*, 898 F.2d 1530, 1534 (11th Cir. 1990); *Bates v. Hunt*, 3 F.3d 374, 378-79, N.7 (11th Cir. 1993); *Little v. Liquid Air Corp.*, 37 F.3d

1069, 1075 (5th Cir. 1994). If the party opposing summary judgment fails to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof, summary judgment is mandated. *Id.* (*quoting Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

### b. The Plaintiff has not advanced sufficient evidence of notice

In Florida, business owners owe two duties to their business invitees: 1) to take ordinary and reasonable care to keep their premises reasonably safe for invitees; and 2) to warn of perils that were known or should have been known to the owner, and which the invitee could not discover. *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1089 (Fla. 3d DCA 2011). Notwithstanding, "an owner or occupier of a place of business is not an insurer of his customers' safety; rather, he owes his customers only a duty to protect against those risks which are reasonably foreseeable." *Westchester Exxon v. Valdes*, 524 So. 2d 452, 455 (Fla. 3d DCA 1988). It is fundamental law that the "mere occurrence of an accident does not give rise to an inference of negligence, and is not sufficient for a finding of negligence on the part of anyone." *Cassel v. Price*, 396 So. 2d 258, 264 (Fla. 1st DCA 1981).

Under the Florida Transitory Foreign Substance Statute, codified in Section 768.0755, Florida Statutes (2010), the Plaintiff must establish from the outset that Defendant had actual or constructive knowledge there was clear liquid on the floor

in the subject store before her fall occurred. The language of the statute is unequivocal:

> If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.

Fla. Stat. § 768.0755 (2010).

Florida law is clear that a plaintiff's inability to establish actual or constructive notice of the transient foreign substance entitles the defendant to summary judgment. *Kenz v. Miami-Dade County*, 116 So. 3d 461, 466 (Fla. 3d DCA 2013). The requirement to establish notice is absolute. Mode of operation is not a viable cause of action under Florida Statute §768.0755 and cannot be used to establish the Defendant's liability. *See Pembroke Lakes Mall Ltd, v. McGruder*, 137 So. 3d 418, 424 (Fla. 4th DCA 2014) (the statute does not contain any language regarding owner's negligent maintenance, inspection, repair, warning or mode of operation).

In transitory foreign substance cases, the courts will look to the length of time the condition existed prior to the accident. *Dominguez v. Publix Super Markets. Inc.*, 187 So. 3d 892, 894 (Fla 3d DCA 2016). While a Plaintiff can rely upon circumstantial evidence to show the length of time the substance had been on the floor, "for such testimony to create a jury issue, the testimony must be

6

**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810 - (321) 972-0000 (321) 972-0099 FAX

accompanied by a 'plus,' namely some additional fact or facts from which a jury can conclude the substance was on the floor long enough to become discolored without assuming other facts." *Encarnacion v. Lifemark Hosps. Of Fla.*, 211 So. 3d 275 (Fla. 3d DCA 2017). "Summary judgment is appropriate when the injured person fails to present any facts demonstrating actual or constructive knowledge and relies solely on the 'stacking' of inferences." *Cooper v. Magic Burgers, LLC*, No. 6:20-cv-625-PGB-EJK, 2021 WL 2792449 at *2 (M.D. Fla. Apr. 8, 2021) (*citing Encarnacion*, 211 So. 3d at 278; *Walker v. Winn-Dixie Stores, Inc.*, 160 So. 3d 909, 912–13 (Fla. 1st DCA 2014); *Cohen v. Arvin*, 878 So. 2d 403, 405 (Fla. 4th DCA 2004)).

Because the record evidence in this case demonstrates there was neither actual nor constructive knowledge of any dangerous condition caused by a clear liquid that might have been on the floor of the subject store prior to the Plaintiff's fall on October 22, 2018, the Plaintiff cannot prevail on her cause of action in this case.

### 1. The Plaintiff has not advanced sufficient evidence of actual notice

To prove actual knowledge of a dangerous condition, the Plaintiff must show employees or agents knew of the dangerous condition or created it. *See Balfour v. Brinker Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001). Because the record is devoid of any evidence tending to show that the employees either knew

that a clear liquid substance was on the floor, or spilled this clear liquid onto the floor themselves on October 22, 2018, the Plaintiff cannot prevail under this prong of the statute.

The Plaintiff has admitted she has no knowledge of whether any employees of the Family Dollar Store were aware of the clear liquid substance prior to her fall. [Doc. 36, pg. 66, line 17 – pg. 67, line 12]. Karen Chambers, the employee working in the Family Dollar Store, also testified she did not see the clear liquid substance before the Plaintiff's slip and fall. [Doc. 37, pg. 43, lines 6-18].

There is no record evidence any employees had actual knowledge of the clear liquid substance before the Plaintiff fell and there is no evidence any employee created this spill. Viewing all of these facts in the light most favorable to the Plaintiff, there is insufficient evidence from which a reasonable jury could conclude any employee had actual notice of the spill before the Plaintiff fell. Consequently, the Plaintiff cannot prevail under the actual knowledge prong of the statute.

### 2. The Plaintiff has not advanced sufficient evidence of constructive notice

In Florida, a slip and fall plaintiff may prove constructive knowledge in one of two ways: (1) by presenting circumstantial evidence showing the condition existed for such a period of time that the defendant should have known of the

condition through its exercise of ordinary care, or (2) by showing the unsafe condition occurred with such regularity that it was foreseeable. *Delgado*, 65 So. 3d at 1089; *see also* Fla. Stat. § 768.0755 (1)(a)-(b) (2010). Because the record is devoid of any evidence supporting constructive notice of the clear liquid substance, the Plaintiff cannot prevail under this prong of the statute.

### A. The dangerous condition created by the clear liquid substance was not foreseeable

In the three years prior to the Plaintiff's slip and fall, no other customers slipped or fell at the Family Dollar Store. [Doc. 38, pg. 39, line 23 – pg. 40, line 2]; [Doc. 37, Pg. 21, lines 9-12]. Even the Plaintiff, who visited the Family Dollar Store every two to three months, confirmed she is not aware of any other customers slipping and falling. [Doc. 36, pg. 63, line 17 – pg. 64, line 3]. There is no record evidence liquid was on the floor in this area regularly enough to be foreseeable. To prevail under this prong of the Florida Foreign Transitory Substance Act, the Plaintiff is required to show the condition leading to her fall "occurred with regularity." *Pussinen v. Target Corp.*, 731 Fed. App'x. 936, 939 (11th Cir. 2018). Even viewing the evidence in the light most favorable to the Plaintiff, she is unable to meet this burden under the facts of this case.

### B. The clear liquid substance was not on the floor for long enough to be discovered

The Plaintiff is also unable to establish "the dangerous condition existed for such a length of time that in the exercise of reasonable care the condition would have been known to the defendant." *Grimes v. Family Dollar Stores of Florida, Inc.*, 194 So. 3d 424, 427-28 (Fla. 3d DCA 2016). The mere presence of liquid on the floor is not enough to establish constructive knowledge. *Delgado*, 65 So. 3d at 1090. The Plaintiff must establish "some additional fact or facts from which a jury can conclude the substance was on the floor long enough to become discolored without assuming other facts." *Encamacion*, 211 So. 3d 275.

In attempting to determine how long a substance might have been on the floor prior to a fall, the court can look to the condition of the substance upon discovery. *Garcia v. Wal-Mart Stores East, L.P.*, No. 6:14–cv–255–Orl–40TBS, 2015 WL 898582 at *2 (M.D. Fla. Mar. 3, 2015). Under this line of cases, evidence of deterioration supports the inference that enough time has passed to support a finding of constructive knowledge, while the absence of such evidence disproves it. *Id.* Here, there is no competent evidence of deterioration which supports the liquid substance had not been on the floor for long enough to be detected during the course of a reasonable inspection.

While the Plaintiff makes passing reference to dirty footprints in the area of her slip and fall, the Plaintiff confirmed she is unable to assert whether the dirty footprints track through the clear liquid substance. Specifically, the Plaintiff testified as follows:

> Q. Going back to the footprints, though, on the ground, were the footprints in the laundry detergent?
>
> A. I can't say for sure. I don't recall for sure. I know the whole area was dingy and nasty.

[Doc. 36, pg. 56, lines 10-13].

The Plaintiff also further explained the dirty footprints as follows:

> Q. You mentioned that the area was dirty; did I get that right?
>
> A. Yes, sir. It was dirty. There were footprints of all kinds of different shapes and sizes on the ground. There was merchandise on the ground everywhere, as well. The single person that I saw working there was kind of piling stuff up wherever she could, instead of putting it on shelves or anything.

[Doc. 36, pg. 55, lines 10-17].

The Plaintiff was also unable to establish the dirty footprints tracked through the clear liquid substance through the testimony of Karen Chambers and Fred Hernandez. Karen Chambers described the area as follows:

> Q. Okay. And on -- in this photograph, do you see, like, the footprints and dirt throughout the floor?

11
**COLE, SCOTT & KISSANE, P.A.**
TOWER PLACE, SUITE 400 - 1900 SUMMIT TOWER BOULEVARD - ORLANDO, FLORIDA 32810  -  (321) 972-0000 (321) 972-0099 FAX

  MR. MITCHELL: Objection to form.

  THE WITNESS: Yes, I see the footprints.

  Q. Okay. Do you know how the footprints got there?

  A. I would say people tracking in dirt from outside. A lot of the aisles were dirty but they weren't slick, it was dirt, mud.

[Doc. 37, pg. 31, lines 14-23].

 Moreover, Fred Hernandez described the condition as follows:

  Q. Okay. And you would agree that there's, also, dirt and footprints seen in this photograph, correct?

  MR. MERRILL: Objection to form.

  THE WITNESS: I see dirt.

[Doc. 38, pg. 53, lines 12-15].

 There is no factual dispute the substance at issue was clear. [Doc. 36, pg. 51, lines 15-23]. Indeed, the substance on the floor was so clear the Plaintiff did not see it until approximately five minutes after her slip and fall. [Doc. 36, pg. 52, lines 11-13]. The Plaintiff also admits she is unsure whether there were any dirty footprints in the clear liquid substance. [Doc. 36, pg. 56, lines 10-13]. Any attempt by the Plaintiff to rely upon the dirty footprints as evidence the clear liquid substance existed for such a length of time that it would have been known to the defendant is contradicted by her own testimony. [Doc. 36, pg. 56, lines 10-13].

Even viewing the facts in the light most favorable to the Plaintiff, there is no record evidence that would permit a juror to draw any reasonable inference concerning how long the liquid had been on the floor from the presence of dirty footprints, which the Plaintiff cannot even confirm whether they were in the clear liquid substance.

In *Encarnacion*, the plaintiff testified the liquid substance on which she had slipped was oily, dirty, and dark.  In affirming the trial court's grant of summary judgment for the defendant hospital, the Third District Court of Appeal explained why this evidence was insufficient:

> Parenthetically, we note Ms. Encarnacion's belated testimony that the substance on the floor was 'oily,' 'dirty' and 'dark,' even if true, as we must assume for our purposes here, is insufficient to create a jury issue. For such testimony to create a jury issue, the testimony must be accompanied by a 'plus,' namely some additional fact or facts from which a jury can reasonably conclude that the substance was on the floor long enough to have become discolored without assuming other facts, such as the substance, in its original condition, was not 'oily,' 'dirty' and 'dark.'

*Encarnacion*, 211 So. 3d at 278.

Likewise, in *Palavicini*, the plaintiff sought to establish constructive notice by relying on evidence that the water on which she had slipped was yellowish, musky, and dirty. *Palavicini v. Wal-Mart Stores East, L.P.*, No. 1:18-CV-20708-MORENO/LOUIS, 2018 WL 5113947 at *3 (S.D. Fla. Aug. 22, 2018).  In granting

Wal-Mart's motion for summary judgment, the *Palavicini* court identified exactly what evidence was missing to create a genuine issue of material fact:

> To create a genuine issue based on the appearance of the transitory liquid, there must be evidence sufficient to show that the liquid became dirty and yellow after it reached the floor; otherwise, its appearance supports no inference about how much time it has been on the floor. It is the change in condition that supports this inference.

*Id*.

In this case, the Plaintiff's evidentiary burden is exactly the same: to create a genuine issue of material fact based on the presence of dirty footprints on the floor in the area of the fall, she has to present evidence sufficient to show that the dirty footprints were created after the liquid reached the floor. If the footprints were on the floor before the liquid even reached the floor, then the presence of the footprints in the same area as the liquid supports no reasonable inference whatsoever concerning how long the liquid had been on the floor by the time the Plaintiff fell. *See Palavicini*, 2018 WL 5113947 at * 8.

Because the Plaintiff is unable to assert whether the dirty footprints track through the clear liquid substance, the Plaintiff has not presented any "plus" of additional facts from which a jury could reasonably conclude the liquid substance was on the floor long enough without assuming other facts not in evidence. For example, a jury could reasonably conclude the dirty footprints were already on the

floor by the time the liquid reached the floor. *See Encarnacion*, 211 So. 3d at 278. Just as the plaintiffs in *Palavicini* and *Encarnacion*, the Plaintiff has not presented sufficient competent, admissible evidence to show constructive knowledge of the condition created by the liquid on the floor under this prong of the statute:

> The key inference in this case—that the liquid was on the floor long enough to establish constructive knowledge—cannot be drawn without assuming facts not reasonably supported by the evidence. To infer the passage of time from the evidence Plaintiff has presented would amount to nothing more than a "guess or mere possibility," which is insufficient to defeat summary judgment.

*Palavicini*, 2018 WL 5113947 at *6 (*quoting Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982)).

The Plaintiff is inviting the jury to assume the dirty footprints she saw on the floor after her fall, as well as throughout the areas of the store where she had walked, were caused by the clear liquid substance, and further, these dirty footprints were on the floor for long enough to be detected during the course of a reasonable inspection. The Plaintiff herself could not recall whether she saw the dirty footprints on the floor until after she fell. [Doc. 36, pg. 62, lines 15-18]. Taken in the light most favorable to the Plaintiff, the facts show there was clear liquid on the floor, the Plaintiff slipped and fell on the clear liquid, and there were dirty footprints on the floor in this area after the Plaintiff fell. The only reasonable inference that can be drawn by a jury from this evidence about the incident on

October 22, 2018 is that (1) there was clear liquid on the floor, and (2) the Plaintiff slipped and fell. *See Delgado*, 65 So. 3d at 1090.

"The test to be applied in diversity cases to determine the sufficiency of the evidence for submission of a case to a jury is a matter of federal law." *Daniels*, 692 F.2d at 1324. While the jury is bound to give the Plaintiff the benefit of all inferences which the evidence fairly supports even though contrary inferences might reasonably be drawn, the evidence adduced by the Plaintiff in this case cannot support a reasonable inference there was constructive notice of the clear liquid before the Plaintiff fell. *Id.* at 1325. To present the Plaintiff's theory concerning the dirty footprints to the jury would be to invite too great a degree of speculation and conjecture based on the record evidence in this case. *Id.* at 1326. For the foregoing reasons, the Defendant is entitled to judgment as a matter of law on the Plaintiff's claims.

## CONCLUSION

The record evidence shows the Defendant did not have actual or constructive knowledge a clear liquid substance was on the floor at the time the Plaintiff fell. Consequently, Defendant is entitled to judgment as a matter of law on the Plaintiff's claims.

CASE NO.: 6:21-cv-00218-PGB-EJK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of March, 2023, a true and correct copy of the foregoing was filed by CM/ECF, which will send an automatic e-mail message to all registered parties.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC*
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Telephone (321) 972-0022
Facsimile (321) 972-0099
Primary e-mail: michael.merrill@csklegal.com
Secondary e-mail: erica.lamb@csklegal.com

By: s/ Michael J. Merrill
MICHAEL J. MERRILL
Trial Counsel
Florida Bar No.: 84488